```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-61943-CIV-ZLOCH
```

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                      **DEFAULT FINAL JUDGMENT Re: ATTORNEY'S FEES**

DELGADO BONNER a/k/a KENNETH D. BONNER,

       Defendant.

_____/

       THIS MATTER is before the Court upon Plaintiff United States of America's Motion For Attorney's Fees (DE 9).  The Court has carefully reviewed said Motion and the entire Court file herein and is otherwise fully advised in the premises.

       By prior Order (DE 8), the Court entered Default Final Judgment in favor of Plaintiff United States of America and against Defendant Delgado Bonner.  Plaintiff now moves for its attorney's fees.  While the award of attorney's fees is required by the Promissory Note, DE 9, Ex. A, the Court has a duty to make sure that such an award is reasonable.  See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what fees to assess is vested in the sound discretion of the Court.  Further,

> it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees.  Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over

>     disputes that otherwise might not reach the courts. Were
>     this to become a widespread practice both the American
>     system of civil litigation and the legal profession might
>     fall into public disrepute.

10 Wright, Miller & Kane, <u>Federal Practice and Procedure</u>: Civil 3d § 2675.1 (1998).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. <u>See</u> <u>Norman v. Housing Auth. of City of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." <u>Loranger v. Stierheim</u>, 10 F.3d 776, 781 (11th Cir. 1994) (quoting <u>Norman</u>, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." <u>Loranger</u>, 10 F.3d at 781 (quoting <u>Norman</u>, 836 F.2d at 1303). Here the Court is satisfied that a reasonable lodestar for Ms. Jennifer Margolis, Esq. is $200.00 per hour.

Once the lodestar is set, the Court must determine the reasonable number of hours incurred. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client

2

and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. Id. If the applicant fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

The instant Motion (DE 9) seeks compensation for 2 hours for the time spent on defending this action. The Court finds that this is a reasonable amount of time.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff United States of America's Motion For Attorney's Fees (DE 9) be and the same is hereby **GRANTED**;

2. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment Re: Attorney's Fees be and the same is hereby **ENTERED** in favor of Plaintiff United States of America and against Defendant Delgado Bonner a/k/a Kenneth D. Bonner;

3. Plaintiff does have and recover the sum of $400.00 in

attorney's fees, for all of which let execution issue; and

4. To the extent not otherwise disposed of herein, all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___30th___ day of January, 2009.

                                      _____
                                      WILLIAM J. ZLOCH
                                      United States District Judge

Copies furnished:

All Counsel of Record